```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

MICHAEL E. FRYZEL,               )
                                 )
    Plaintiff/Counterdefendant,) 
                                 )
    v.                           )    No. 10 C 1622
                                 )
SIDNEY R. MILLER,                )
                                 )
    Defendant/Counterplaintiff.)
```

MEMORANDUM ORDER

Sidney Miller ("Miller") has just filed a pro se "Petition for Removal,"[1] seeking to bring this several-year-old state law action from the Circuit Court of Cook County to this District Court. Because Miller obviously labors under a total misunderstanding of the concept of federal subject matter jurisdiction, this sua sponte order sends the case back to its place of origin.

As the Amended Complaint--the most recent embodiment of the claim of Michael Fryzel ("Fryzel") against Miller, attached as Notice Ex. 1--reflects, this case simply constitutes an effort by attorney Fryzel to collect assertedly unpaid attorney's fees of $38,074.43 from his ex-client Miller. By definition that amount in controversy would be insufficient to confer diversity jurisdiction even if the parties' states of citizenship were diverse (something that Miller questions in Notice ¶8), and Miller's assertion of "latent" federal issues within Fryzel's

---

[1] That term has been replaced by "Notice of Removal" some years back (see 28 U.S.C. §1446(a)). All further references to Title 28's provisions will simply take the form "Section--."

allegations (id.) shows a total misapprehension of the concept of a "federal question" that might establish subject matter jurisdiction. And of course Miller's stated unhappiness with how things are going in the Circuit Court certainly does not entitle him to try his luck in this District Court instead.

Nearly a quarter century ago Wisc. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986) announced a principle that our Court of Appeal has since repeated again and again, sometimes with more extended verbiage:

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

More recently Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)(internal citations and quotation marks omitted) has confirmed that duty as calling for sua sponte treatment:

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

This Court has given heed to that teaching here, and without question "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)). That determination mandates a remand (id.), and this Court so orders (with the Clerk being ordered to mail a certified copy of the remand order forthwith).

                                                    /s/ Milton I. Shadur
                                                    _____
                                                    Milton I. Shadur
Date: March 15, 2010    Senior United States District Judge